IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
MACON DIVISION

| | |
|---|---|
| TOMMY SLEDGE,<br><br>       Petitioner<br><br>  VS.<br><br>BRUCE CHATMAN, Warden,<br><br>       Respondent | NO. 5:04-CV-375 (CAR)<br><br>PROCEEDING UNDER 28 U.S.C. §2254<br>BEFORE THE U.S. MAGISTRATE JUDGE |

## RECOMMENDATION

  Petitioner TOMMY SLEDGE has filed a petition herein seeking federal habeas corpus relief. Tab #3. Respondent BRUCE CHATMAN, Warden of Dooly State Prison, has filed a motion to dismiss this petition contending that it is untimely filed under the Anti-Terrorism and Effective Death Penalty Act (AEDPA). Tab #11. Petitioner SLEDGE has filed a response to the respondent's motion. Tab #16. After carefully considering both the respondent's motion, and the petitioner's response to said motion, the undersigned finds that the respondent's motion should be granted.

  Under the provisions of the AEDPA, 28 U.S.C. §2244(d) provides as follows:

*(1) A 1-year period of limitations shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a state court. The limitation period shall run from the latest of–*

  *(A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;*

  *(B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing such by State action;*

  *(C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review;  or*

  *(D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.*

*(2) The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.*

The undersigned finds the respondent's analysis of the application of the one-year limitations period to petitioner's case to be persuasive. The court agrees that petitioner's convictions became final on August 2, 1999; and that petitioner SLEDGE filed his state habeas corpus petition on November 1, 1999, in the Superior Court of Baldwin County, Georgia, challenging his November 10, 1998, Butts County convictions, leaving only 274 days in which to file his federal habeas corpus action.  Petitioner SLEDGE then waited over a year and a half before filing his federal habeas corpus action on September 20, 2004.  Thus, he exceeded the one-year period of limitations and his federal petition is untimely filed.

Accordingly, IT IS RECOMMENDED that the respondent's MOTION TO DISMISS (Tab #11) be **GRANTED**.  Pursuant to 28 U.S.C. § 636(b)(1), the parties may serve and file written objections to this recommendation with the district judge to whom this case is assigned, **WITHIN TEN (10) DAYS** after being served with a copy thereof.

SO RECOMMENDED, this 23rd day of MARCH, 2005.



CLAUDE W. HICKS, JR.
UNITED STATES MAGISTRATE JUDGE